IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff,**<br><br>v.<br><br>$80,020.00 IN U.S. CURRENCY,<br><br>**Defendant.** | **Civil No.** 13-1381 (FAB) |

### MEMORANDUM & ORDER[1]

BESOSA, District Judge.

Before the Court is the United States' motion to strike claimant Carlos Nazario-Lopez's answer to the complaint and for default judgment. (Docket No. 21.) For the reasons discussed below, the Court **DENIES** the United States' motion.

## I. BACKGROUND

### A. Procedural Background

On May 15, 2013, plaintiff United States filed a complaint pursuant to Rule G(8)(c) (generally, "Rule G") of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, asserting a forfeiture action against $80,020.00 in U.S. currency. (Docket No. 1.) On that same day, plaintiff requested an arrest warrant *in rem* and seizure of the currency. (Docket No. 2.) The Court granted plaintiff's

---

[1] Elizabeth Barreto, a third year law student at the University of Puerto Rico School of Law, assisted in the preparation of this memorandum.

request on May 17, 2013. (Docket No. 4.) On June 10, 2013, claimant Nazario answered the complaint. (Docket No. 6.) The United States filed a notice of publication on June 24, 2013. (Docket No. 7.) Subsequently, on August 1, 2013, the claimant submitted a request for admissions to the United States. (Docket No. 13-1.) On September 17, 2013, having received no timely response from the government, the claimant requested that the Court deem the unanswered requests admitted. (Docket No. 13.) The United States responded, explaining that though the responses had been prepared on time, through inadvertence they had not been sent out on time. (Docket No. 14.) On September 25, 2013, however, the Court deemed the claimant's requests 1, 2, 4, 9, and 10 admitted. (Docket No. 20.) On August 18, 2014, the United States filed a motion to strike the claimant's answer to the complaint and for a default judgment. (Docket No. 21.) Claimant Nazario did not oppose that motion.

    **B.  Factual Background**

On November 4, 2010, Puerto Rico Police Department ("PRPD") Agent Carlos Rivera-Walker pulled a 2010 Toyota Camry over because of traffic violations. (Docket No. 1-1 at ¶ 3.) Claimant Nazario was the owner of, and front passenger in, the vehicle. Id. Because the driver did not have the vehicle's registration, Agent Rivera ordered the occupants to exit the

Criminal No. 13-1381 (FAB)                                                 3

vehicle and searched it.  Id.  During a search of the vehicle,[1] Agent Rivera found an undetermined amount of U.S. currency wrapped in vacuum-sealed plastic inside a black backpack behind the driver's seat.  Id.  According to the United States, a K-9 unit (commonly known as a dog) subsequently swept the car and alerted positive to the presence of narcotics in both the currency and the vehicle.  Id.  As a result, Special Agent Carpio, who had been contacted by Agent Rivera, seized the U.S. currency and the vehicle.  Id. at ¶ 4.  The currency was later determined to be $80,020.00.  Id.

The United States alleges that all four individuals in the car denied ownership of the money.  Id. at ¶ 5.  Agent Carpio believed that sufficient probable cause indicated that the money represented proceeds of drug trafficking violations pursuant to 21 U.S.C. § 841(a)(1) and money laundering pursuant to 18 U.S.C. §§ 1956(a)(1)(B)(i), 1957(a).  Id.

Because the matters have been deemed admitted, the United States has now admitted that claimant Nazario objected to the vehicle search and that the government had no written authorization to search the vehicle.  (Docket No. 20, 13-1 ¶ 9-

---

[1] The United States alleges that claimant Nazario consented to a search of the vehicle (Docket No. 1-1 at ¶ 3), while Nazario contests it.  The Court, however, deemed admitted that "[c]laimant Carlos Nazario objected [to] the search of the vehicle."  (Docket No. 13-1 at ¶ 9.)

Criminal No. 13-1381 (FAB)                                                    4

10.)  In addition, the United States has admitted that no illegal substances were found on any of the four individuals and that no admissible evidence existed to connect the money seized with any illegal substance transaction.  Id. at ¶ 1-2.  Both parties agree that no criminal charges have been filed against the claimant or against any of the other occupants of the vehicle.  Id. at ¶ 4.

## II.  LEGAL STANDARD

### A.  Supplemental Rule G(8)

Supplemental Rule G applies to forfeiture actions *in rem* arising from a federal statute.  The relevant federal statute here is Title 18, Section 981 of the United States Code, which permits civil forfeiture of any property constituting, derived from, or traceable to any unlawful activity.

Rule G(8)(c)(i) authorizes the Court to strike a claim or answer on motion by the government if a claimant fails to comply with Rule G(6) or if the claimant lacks standing. Rule G(8)(c)(ii)(B) further provides that a motion to strike a claim "may be presented as a motion for judgment on the pleadings or as a motion to determine after a hearing or by summary judgment whether the claimant can carry the burden of establishing standing by a preponderance of the evidence."  To establish standing, "the claimant must start by demonstrating an ownership or possessory interest in the seized property."  United States

Criminal No. 13-1381 (FAB)                                              5

v. $8,440,190.00 in U.S. Currency, 719 F.3d 49, 57 (1st Cir. 2013) (citing United States v. One-Sixth Share of James J. Bulger, 326 F.3d 36, 40 (1st Cir. 2013)).  See also Fed. R. Civ. P. G(8)(c)(ii)(B).

    **B.**    **Rule 12(c)**

"After the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings" pursuant to Federal Rule of Civil Procedure 12(c).  That motion "is employed as a vehicle to test the plausibility of a complaint, [and] it must be evaluated as if it were a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." Grajales v. P.R. Ports Auth., 682 F.3d 40, 44 (1st Cir. 2012). Thus, "[a] plaintiff is not entitled to 'proceed perforce' by virtue of allegations that merely parrot the elements of the cause of action." Ocasio-Hernandez v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 680 (2009)).  The Court "must accept all of the non-movant's well-pleaded factual averments as true, and draw all reasonable inferences in his [or her] favor."  Santiago de Castro v. Morales Medina, 943 F.2d 129, 130 (1st Cir. 1991) (quoting Rivera-Gomez v. de Castro, 843 F.2d 631, 635 (1st Cir. 1988)). The motion cannot be granted "unless it appears beyond doubt that the [claimant] can prove no set of facts in support of [his

or her] claim which would entitle [him or her] to relief [as a matter of law]." Id. (quoting Rivera-Gomez, 843 F.2d at 635).

**III. DISCUSSION**

The United States contends that because claimant Nazario failed to file a timely claim, he lacks standing and any ownership or proprietary interest in the seized currency to contest the forfeiture.  The claimant did not respond to the government's motion.  The Court must determine whether the claimant's failure to file a claim constitutes grounds to grant the government's motion and enter a default judgment against the claimant without the benefit of claimant's arguments.

**A.   Supplemental Rule G(5)**

Rule G(5)(a)(i) provides that "a person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending."  "A claimant must [also] serve and file an answer to the complaint or a motion under Rule 12 within 21 days after filing the claim."  Supplemental Rule G(5)(b).  Accordingly, Rule G(5) requires claimants to file both a verified claim asserting their interest in the seized property and an answer to the government's forfeiture complaint.  United States v. $285,350.00 in U.S. Currency, 547 F. App'x 886 (10th Cir. 2013); United States v. Real Prop. & Premises, 521 F. App'x 379, 384 (6th Cir.

Criminal No. 13-1381 (FAB)                                                   7

2013); United States v. $12,126.00 in U.S. Currency, 337 F. App'x 818, 819 (11th Cir. 2009).

Here, the notice of the forfeiture action stated that the claimant had 60 days from the notice's first day of publication to file a verified claim. (Docket No. 7.)  Because the claimant filed an answer to the complaint before the forfeiture notice was even published – on June 10, 2013 – claimant's answer was timely.  But, claimant failed to file a claim pursuant to Rule G(5).

    **B.   Standing Requirements**

A claimant who seeks to intervene in an *in rem* forfeiture action must first establish standing by a preponderance of the evidence.  $8,440,190.00 in U.S. Currency, 19 F.3d at 57.  See also Supplemental Rule G(8)(c)(ii)(B).  The claimant must demonstrate constitutional and statutory standing. One-Sixth Share of James J. Bulger, 326 F.3d at 40.  A claimant can establish constitutional standing by demonstrating an ownership or possessory interest in the seized property.  Id. at 41 (internal citation omitted).  "An allegation of ownership, coupled with some evidence of ownership, is sufficient to establish constitutional standing to contest a forfeiture." $8,440,190.00 in U.S. Currency, 719 F.3d at 58 (internal citation omitted).

Criminal No. 13-1381 (FAB)                                                                      8

       A claimant establishes procedural standing by adhering to the procedural requirements outlined in Rule (G)5.  United States v. One Dairy Farm, 918 F.2d 310, 311 (1st Cir. 1990) (internal citation omitted).  To satisfy Rule G (5)'s requirements, the claim must:  (1) identify the property claimed; (2) identify the claimant; (3) state the claimant's interest in the property; (4) be signed by the claimant under penalty of perjury; and (5) be timely filed.  Supplemental Rule G(5)(a).  Accordingly, "[a] party who fails to file a [timely] claim [pursuant to Rule G(5)] normally lacks standing to contest a forfeiture."  One Dairy Farm, 918 F.2d at 311 (internal citation omitted).  In United States v. One Urban Lot, 885 F.2d 994 (1st Cir. 1989), the First Circuit Court of Appeals held, however, that a claimant's verified answer should be treated as a claim if the verified answer contained all the information required in a claim and therefore fulfilled the function of a claim for the purpose of establishing standing.  Id. at 999.

       The United States argues that the claimant failed to establish standing to contest the forfeiture because he failed to file a claim.  Here, unlike the claimant in One Dairy Farm, the claimant filed a timely answer.  Additionally, like the claimant in One Urban Lot, though the claimant failed to file a claim, he filed an answer and requests for admissions.  A review

Criminal No. 13-1381 (FAB)                                                     9

of both documents shows that claimant Nazario identified (1) the property claimed (Docket No. 6 ¶ 2), (2) his ownership of the property, id. at ¶ 3, and (3) his interest in the property, id. at ¶ 4.  Therefore, the claimant's pleadings minimally satisfy the standing elements.

The claimant's pleadings, however, are defective for other reasons.  For example, claimant's answer is not signed under penalty of perjury, as required by Rule G(5)(a).  Because the claimant meets the standing requirements to contest the forfeiture, the Court proceeds to discuss the application of Federal Rule of Civil Procedure 15 ("Rule 15") to determine if the defects in the claimant's "claim" may be cured.

**C.   Leave to Amend Pursuant to Rule 15**

"[T]he court should strike a claim or answer only if satisfied that an opportunity should not be afforded to cure the defects under [Federal Rule of Civil Procedure 15]."  Advisory Committee Notes to Supplemental Rule G; United States v. $11,500.00 in U.S. Currency, 710 F.3d 1006, 1012 (9th Cir. 2013).  Rule 15 provides that "a court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).

Because federal court practice generally permits amendments to cure deficiencies at any time in furtherance of justice, this Court will allow claimant Nazario to cure the defects in his pleadings and file a verified claim.  See, e.g.,

Criminal No. 13-1381 (FAB)                                                                 10

United States v. $11,500.00 in U.S. Currency, 710 F.3d 1006, 1012-13 (9th Cir. 2013) (holding that striking the claim was an abuse of discretion and that the district court should have granted leave to amend to cure defects); United States v. $125,938.62, 370 F.3d 1325, 1330 (11th Cir. 2004) (permitting the claimant to cure the technical defect); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (stating that the policy of freely granting leave to amend is "to be applied with extreme liberality").

Though claimant Nazario failed to file a claim, he filed a timely answer[2] and requests for admissions that collectively contained the necessary information to demonstrate his standing. (Docket Nos. 6 & 13-1.)  In addition, after the United States failed to respond to the claimant's requests for admissions, he diligently requested that the unanswered requests be deemed admitted.  (Docket No. 13.)  The claimant exercised a good faith attempt to respond to the government's complaint, evidenced by the timing and language of the pleadings.  Thus, in the interest of justice, the Court applies Rule 15 to provide claimant Nazario an opportunity to cure the defects in his pleadings. Claimant Nazario shall cure the technical defects and file a

---

[2] Indeed, claimant filed an answer to the complaint even before the United States published notice of its complaint.  (Docket No. 6.)

Criminal No. 13-1381 (FAB)                                          11

verified claim pursuant to Rule G(5) **no later than November 30, 2014.**  Failure to comply with the requirements of Rule G(5) within the time allotted will result in an entry of default judgment in favor of the United States.

**IV.  CONCLUSION**

For the reasons described above, the Court **DENIES WITHOUT PREJUDICE** plaintiff's motion to dismiss.  (Docket No. 21.)  Claimant Nazario has until **November 30, 2014** to file a verified claim in compliance with Rule G.  No extensions will be allowed.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, November 6, 2014.

                                        s/ Francisco A. Besosa
                                        FRANCISCO A. BESOSA
                                        UNITED STATES DISTRICT JUDGE